THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINN HATALA,<br><br>               Plaintiff,<br><br>        v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>               Defendant. | CASE NO. C17-0811-JCC<br><br>ORDER |

This matter comes before the Court on the parties' cross motions for enforcement of settlement agreement (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motions for the reasons explained herein.

The parties have reached an agreement to resolve their disability insurance dispute for a sum certain. (Dkt. No. 10 at 1.) However, they "have been unable to reach agreement on the scope of the confidentiality agreement or the proposed liquidated damages provision." (*Id*. at 1–2.) The parties dispute whether Plaintiff accepted Defendant's offer subject to the terms of Defendant's "standard release" and the scope of any agreed-upon release. (Dkt. Nos. 11 at 1–3, 14 at 1.) Each party asks the Court to "resolve the outstanding terms of their Settlement Agreement" in their favor. (*Id*. at 1.)

The Court has the "power to summarily enforce on a motion a settlement agreement

entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (quoting *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). Washington contract law governs whether an enforceable settlement agreement exits. *Jeff D. v. Andrus*, 899 F. 2d 753, 759 (9th Cir. 1989). To be enforceable, the parties must agree to all material terms of a settlement. *P.E. Sys., LLC v. CPI Corp.*, 289 P.3d 638, 644 (Wash. 2012). The scope of release is a material term of a settlement. *See Evans & Son, Inc. v. City of Yakima*, 149 P.3d 691, 694 (Wash. Ct. App. 2006). For a court to find agreement, the terms must be sufficiently complete and definite, and the parties' intention must be plain. *Keystone Land & Development Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004); *Veith v. Xterra Wetsuits, L.L.C.*, 183 P.3d 334, 337 (Wash. Ct. App. 2008).

The Court finds that the parties have not agreed on the terms of release. Defendant's negotiation emails state that a "final settlement would be reflected in LINA's standard release which we would put together and includes confidentiality." (Dkt. No. 11 at 2.) This indefinite statement regarding terms of release and the parties' agreement to a settlement sum do not indicate mutual assent to the scope of release.[1] Because these terms are material, there is no enforceable settlement agreement. The Court declines to supply contract provisions in lieu of a negotiated settlement. The parties are directed to reasonably negotiate all material terms of a settlement, or move forward with litigation. The parties' cross motion for enforcement of settlement agreement (Dkt. No. 10) is DENIED.

DATED this 19th day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The parties' motion itself states that they have not agreed on the terms of release. (Dkt. No. 10 at 1, 2.)